WILLIAM H. ADAMS, TRUSTEE, *vs.* DEWITT C. CASTLE AND OTHERS.

A void tax warrant, on a valid assessment, was levied on the land of the petitioner, and the same sold to pay the tax, the collector giving a deed to the purchaser, who paid the amount to the collector, by whom it was paid into the town treasury. The petitioner brought a bill in equity to compel the purchaser to reconvey, and to remove the cloud from his title. Held that, as the tax was legally laid and assessed, it was the duty of the petitioner to have paid it without compulsion, and as the property had been applied, though by irregular proceedings, to pay the tax, there was no equity in his favor entitling him to a reconveyance of it.

The petitioner did not offer in his bill to indemnify the purchaser, who, having paid the money without the petitioner's request, would have had no means to recover it if he had lost the land. Held, that if the petitioner would entitle himself to the aid of a court of equity, it was necessary that he should first have offered such indemnity, and have applied to the purchaser for a reconveyance.

If the land was sold for less than its value the petitioner had a sufficient remedy in his right under the statute to redeem it within twelve months after the sale.

BILL in equity to compel the respondent Castle to reconvey land sold upon a tax warrant and purchased by him. The petitioner claimed that the assessment and the levy were illegal. The amount of the tax had been paid by the purchaser to the collector who had paid it into the town treasury. The town of Seymour, by which the tax was laid, was made a party. The facts were reported by a committee and the case

was reserved by the superior court for the advice of this court. The case is sufficiently stated in the opinion.

*H. B. Munson*, for the petitioner.

*C. R. Ingersoll*, for the respondents.

DUTTON, J.  The town of Seymour laid a tax on the assessment list of 1860, which, in conformity with the views expressed in the two preceding cases of *Goddard* v. *The Town of Seymour* and *Adams* v. *The same*, was legal and valid. Before it was collected David Goddard, who was then trustee in insolvency of the estate of the New Haven Copper Company, died, and the petitioner was appointed trustee in his place. After the death of Goddard a warrant with an unsigned rate-bill annexed, containing a tax against David Goddard, trustee, was put into the hands of a collector.  He levied it on the real estate described in the petition, a part of the insolvent estate, and sold it to one Castle, who received a deed from the collector and paid him the purchase money, and he paid the same into the town treasury.  The petitioner brings this bill to have the deed of the collector set aside and the cloud created by it removed from his title to the property.

A question has been made regarding the validity of the appointment of the collector, and some others of minor consequence.  But as we hold that the warrant was void, they are immaterial.  We are not called upon to say whether, if the petitioner had shown an equitable claim, we should be disposed to aid him in removing a cloud of such short duration, where he had taken no steps to help himself.  But we think he has wholly failed of presenting a case requiring the interposition of this court.  The estate in the hands of the petitioner was bound to pay this tax, and he should have paid it without a levy.  The purchaser of the land sold has in good faith, and as he supposed according to law, paid the amount of the purchase to the collector.  It was done, it is true, without the request of the petitioner, and therefore the respondent could not hold him responsible for the money, even if he

should lose the land. But the petitioner can avail himself of the benefit of the payment and save the residue of the property of the estate from being sold to pay the same tax. If there had been no mistake in the warrant, every thing, although in its present position, would have been as it should be. A court of chancery will avail itself of a mistake to set things right. But where, although there has been a mistake, things are as they ought to be, will it disarrange them? If the petitioner wishes for equity let him do equity. The town has only got the tax to which it is entitled. If the petitioner wishes for his land again, let him indemnify the purchaser for the money which he has paid to the town for his benefit, and then, if the purchaser refuses to give him a quit claim deed, he can come with a better grace to ask aid of a court of chancery.

It has been urged that relief is necessary to bring about an early settlement of the estate. We doubt whether the creditors would be disposed to thank us for interfering. As the tax was justly due to the town, some property of the estate ought to have been applied to pay it; and why not allow this to be so applied? If, as is suggested in the petition, it was sold at a great sacrifice, the petitioner could have redeemed it and resold it without the aid of a court of chancery. Rev. Stat., (Comp. 1854,) 861, sec. 60.

We advise that the bill be dismissed.

In this opinion the other judges concurred.