## DAVAR v. CARDWELL.

DEED.—ACKNOWLEDGMENT OF.—A certificate of acknowledgment of a deed in the following words, viz., "personally came A B, the executor of the annexed deed, and acknowledged it," was held to be sufficient.

DEED.—EVIDENCE OF EXECUTION.—Parol evidence may be given of the time of the execution and delivery of a deed.

VENDOR AND PURCHASER.—A having sold by parol a tract of land to B, for a price to be paid in three annual payments, agreed to execute a deed, and also a bond conditioned that his wife, who was then under age, should join in a conveyance when she became of age, which would be before the second payment became due. A made a deed for the land, which B accepted and entered into possession, without requiring the execution of the bond. Suit by A, before his wife became of age, to recover the amount of the first payment.

*Held*, that B, having accepted A's deed, without requiring the bond, was liable to pay the installment of the purchase money sued for.

APPEAL from the *Brown* Common Pleas.

GREGORY, J.—*Cardwell* sued *Davar* to recover a payment due on the sale and conveyance from the former to the lat-

ter of real estate. The original contract of sale was not in writing. By its terms the appellant was to pay the appellee $1,300 for the land, $350 of which was paid at the time, and the residue was to be paid in payments falling due the 25th of *December*, in each of the years 1865, 1866 and 1867. The appellant took possession, and has continued in possession of the land ever since. The appellee's wife, at the time, was not of age; it was therefore agreed that he should make a deed for the land to *Davar*, and give him a bond for the conveyance of the wife when she came of age, which would be in *February*, 1866, before the last two payments would become due; and in case the wife refused to convey, the last two payments were to be witheld as a security for such conveyance. *Cardwell*, before this suit was brought, made and delivered to *Davar* a warranty deed for the land so sold. Mrs. *Cardwell* executed a deed on becoming of age, in *February*, 1866, but not until after this suit was commenced. The record of the deed from *Cardwell* to *Davar* was admitted in evidence over the objection of the latter, and the appellee was permitted to testify, over the objection of the appellant, as to when he made and delivered the deed.

Three points are made by counsel in their brief: 1. That the court below erred in admitting in evidence the record of a deed with a defective acknowledgment. 2. That the court erred in allowing parol proof of the time when the deed was made and delivered to the appellant. 3. That the suit was prematurely brought.

The certificate of acknowledgment of the deed, which is claimed to be defective, states that "personally came *George W. Cardwell*, the executor of the annexed deed, and acknowledged it." It is claimed that this is not in compliance with the requirements of section 25 of the act concerning real property, and the alienation thereof. 1 G. & H., 264. It is argued that the words "acknowledged it," do not substantially mean the same thing as the words "acknowledged the execution of the annexed deed." An acknowledgment

of the deed is an acknowledgment of its execution; it cannot be a deed unless it is executed, and therefore we think that the certificate in question is in substantial compliance with the statute. It was competent to prove by parol when the deed was executed. This was not proving its contents. The acceptance by the appellant of the warranty deed from the appellee made the former liable to pay the money sued for in this action. Perhaps *Davar* might have declined to accept the deed until the bond was executed, but he elected to receive it, having at the time ample indemnity in the deferred payments for any damage which might accrue to him from the refusal of the wife to convey, on her coming of age. The appeal bond was filed on the 6th of *July*, 1866; the appellee has been delayed in the collection of his just demand for eleven months. There will yet be some delay before the money can be collected. Looking upon this case as one of delay, we have concluded to add ten per cent. damages.

The judgment is affirmed, with ten per cent. damages and costs.

*Hester, Browning* and *Hester*, for appellant.