HENRY BOECK, APPELLEE, v. S. N. MERRIAM, APPELLANT.

1. **Taxes:** TAX DEED: PLEADING. B. prosecuted an action to have a tax deed declared void, upon the grounds that no oath of the assessor was attached to the assessment roll, and that the assessment statement of individual tax payers was not sworn to, but made no offer to pay the amount of taxes equitably chargeable against the real estate. *Held,* that there was no equity in the petition.

NOTE.—See *Southard v. Dorrington, ante* page 119. *Hunt v. Easterday, ante* page 165. *Wood v. Helmer, ante* page 65.—REP.

2. ——— : ———.   A party seeking to have a tax deed declared void on the ground of the mere failure of the assessor to comply with the statute, must pay or offer to pay all taxes justly chargeable against the land.

APPEAL from Cass county. . Tried below before POUND, J.

*Sam M. Chapman*, for appellant.

*T. M. Marquett*, for appellee.

MAXWELL, CH. J.

This action was commenced in the district court of Cass county to remove a cloud from the title of certain real estate of the plaintiff, caused by a tax deed to the defendant for the same.   There is no offer on the part of the plaintiff to pay the taxes justly due on such property, the claim for relief being " that said real estate was never assessed for the year 1870; that the assessor of said Plattsmouth precinct (being the precinct in which said lot 5 in block 35 was situated and liable for revenue purposes) never took and subscribed to the oath, as required by law for an assessor to take and subscribe, when he returned his assessment roll to the county clerk of Cass county; and that said pretended assessors' returns containing the lands and real estate of this plaintiff, to-wit: said lot 5, is absolutely void.   And plaintiff further avers that there never was a valid or legal assessment for said year 1870 in Plattsmouth precinct, as required by law; that a large majority of the property holders, and those who held by far the most valuable property in said city and precinct, were not required to make oath to the list of their property in said precinct; but that said property holders were allowed to make out a list of their property without making oath to the same."

It is also alleged that the "list purported to be made out and signed by the persons listing their property, and sworn to, the oath being administered by J. W. Johnson, deputy assessor." It is also alleged that the lists were not returned to the county clerk on or before the second Monday of April, 1870. The defendant in his answer denies that said property was not assessed as required by law in the year 1870; denies that the oath was not properly certified to by the officer administering the same; denies that said lots were not properly assessed and returned upon the assessment rolls of Plattsmouth precinct for the year 1870, but alleges that "said real estate was duly and regularly assessed for taxes that were just and equitable." The defendant prays for affirmative relief. On the trial of the cause a decree was rendered in favor of the plaintiff, declaring the tax deed void and awarding him costs of suit taxed at $41.64. The defendant appeals to this court.

The principal question to be determined in this case has already been decided at this term of the court in the case of *Wood v. Helmer, ante* p. 65. In that case, where the petition stated substantially the same facts as in the case at bar, but there was no offer to pay the amount of taxes justly due, it was held that there was no equity in the petition, and the case was dismissed.

In an action at law for the possession of the premises under a tax deed, these allegations, if true, would be available, because in such a case the party claiming under the tax deed must stand or fall upon his *title*. And as the title to real estate on a sale for taxes can be divested only when there has been a substantial compliance with the requirements of the statute, a failure to comply with the law in any material respect will be fatal to the tax deed.

A party claiming title under a tax deed must rely

upon his naked legal rights, and must succeed, if at all, upon those. If the requirements of the law have been complied with he takes an absolute title free from all liens and incumbrances, and in an action of ejectment will possess the better right and will succeed. Such a case is triable by a jury, and is subject to review on error. But can the party claiming to be the owner of the land be permitted to have a tax deed declared void upon the ground that it is a *cloud* upon his title, unless he states some ground for equitable relief other than a mere irregularity in the assessment? The burdens of taxation must be borne by the taxable property in the state, and a fair proportion of such taxation is to be assessed upon all such property according to its value, and is in justice and equity a just. charge against the same. When a tax payer, therefore, for any cause escapes taxation, an act of injustice is committed against every other tax payer in the state, as this additional burden is thrown upon them. If one tax payer may enjoin the collection of taxes upon the ground of mere irregularities, why may not all? and thus entirely defeat the collection of the revenue and destroy the credit of the state. And if the owner of real estate can wait until his land has been sold for taxes and until the certificate of sale has ripened into a deed, and then upon a mere technicality, without the payment or offer to pay the taxes justly chargeable against his property, have delivered up and canceled at the costs of the tax purchaser, as in this case, the tax deed, he not only entirely escapes the payment of legitimate taxes, but the owner of the tax deed is deprived of a valuable legal right—that of trial by jury—and is mulcted in costs for his temerity in purchasing at tax sale, while the party claiming to be the owner of the land takes no hazard of losing his land from an adverse title.

The State v. Palmer.

But such is not the law.  He who seeks to have a tax deed declared void, where the taxes for which the land was sold were lawful taxes, and justly chargeable against the same, if legally assessed, must, as a condition of relief, pay or offer to pay the taxes justly due thereon.  Otherwise he states no ground for equitable relief.  He does not offer to do equity.  He seeks the aid of the court to aid him by giving effect to mere technicalities, to shield him from his just liabilities.  It is difficult to imagine a case more utterly barren of equity than this.

The judgment of the district court is reversed, and the cause remanded for further proceedings, with instructions to permit the plaintiff to amend his petition, if he so elect, within thirty days upon payment of all costs to that date, and paying or offering to pay all taxes and interest justly chargeable against said real estate.  And if he fails to comply with these conditions the action is dismissed at his costs.

REVERSED AND REMANDED.