[No. 9,634.   Department One.—January 13, 1885.]

## IDA HANCOCK, EXECUTRIX OF THE WILL OF HENRY HANCOCK, DECEASED, RESPONDENT, *v.* M. C. PLUMMER, APPELLANT.

PRACTICE—EQUITY—JURY TRIAL—STATUTE OF LIMITATIONS.—A plea of the statute of limitations by a defendant in an action to determine conflicting claims to land, does not convert the action into one at law. It retains its character as an equitable action, and the defendant cannot demand a jury trial.

APPEAL from a judgment of the Superior Court of the county of Los Angeles, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Brunson, Wells & Lee*, for Appellant.

*Barclay & Wilson*, for Respondent.

Ross, J.—There is no merit in this appeal. The action was brought under section 738 of the Code of Civil Procedure, to determine conflicting claims to a certain portion of the rancho La Brea, situated in Los Angeles county. Defendant, by answer, denied the plaintiff's alleged ownership of the property, and set up adverse possession thereof on her part for the statutory period of five years. It is claimed that the plea of the statute of limitations changed the character of the action from one in equity to an action at law, and therefore, that defendant was entitled to a jury trial, which she demanded, and which was refused her in the court below. There is nothing in the point. A plea of the statute of limitations may be interposed in an action in equity as well as in one at law; and this without changing the character of the action. Indeed, " one of the defenses peculiar to a court of equity is the lapse of time." (*Dominguez* v. *Dominguez*, 7 Cal. 426.) *Brandt* v. *Wheaton*, 52 Cal. 430, was the same kind of action as the present, and brought under the same section of the code ; and, respecting it, this court said : " The complaint is to be treated as a bill in equity. The general verdict of the jury, therefore, is to be disregarded. If this were the only question to be considered, the cause would be remanded to the court below to find the facts."

The complaint is sufficient. (*Stoddard* v. *Burge*, 53 Cal. 394.)

The other point made for the appellant relates to the evidence, which, it is contended, is insufficient to justify the findings of fact made by the trial court. We have examined the record, and must hold against the appellant. There was ample evidence to sustain the findings. That the plaintiff's testate held the legal title to the premises in question by virtue of mesne

conveyances from the confirmees of the grant of which the said premises form a part, was conceded at the trial.

Judgment and order affirmed.

MCKINSTRY, J., and MCKEE, J., concurred.