Dillon v. Merriam.

HOSEA R. DILLON ET AL., APPELLEES, V. LYDIA MER-
RIAM, EXECUTRIX, ETC., APPELLANT.

22　151
26　572
26　577
23　151
38　741
22　151
42　463
22　151
51　468
54　735
22　151
57　685
22　151
60　256
22　151
61　877

1.　**Taxes**: PETITION TO CANCEL TAX DEED.　Where a plaintiff files a petition to cancel a tax deed upon his land and remove a cloud from his title thereto, as a condition of granting relief, he will be required to do equity by paying the taxes justly chargeable against said land.

2.　————: ————: An allegation, "That all proceedings of said treasurer and the defendant Merriam were unlawful and void, and irregular in this: that said land was not assessed for taxes in the years 1863 and 1865, as required by law, and no taxes for the years 1863 and 1865 were levied thereon, as required by law, and said land was not advertised for sale for the taxes of 1863 and 1865, as required by law," without stating in what respect there was a failure to comply with the law, is not sufficient to justify a court in holding that the taxes so assessed were invalid.

3.　————: SALE: INTEREST TO TAX PURCHASER.　Where for want of authority of the treasurer to sell land for taxes no title passes to the purchaser, he is merely subrogated to the rights of the county, and to the same rate of interest that the county would be entitled to recover.

APPEAL from Otoe county, HAYWARD, J., presiding.

*C. W. Seymour*, for appellant.

*No appearance* for appellee.

MAXWELL, CH. J.

This action was brought in the district court of Otoe county by the plaintiffs against Selden N. Merriam to cancel and annul certain tax liens and tax deeds upon the N. W. ¼ of the S. E. ¼ and the N. E. ¼ of the S. W. ¼ and the S. E. ¼ of the N. W. ¼, all of Sec. 14, Tp. 9 north, of range 12 E., in Otoe county.

On the trial of the cause in the court below a decree was rendered in favor of the plaintiffs, but requiring them to

pay the sum of one hundred four and $\frac{78}{100}$ dollars taxes and interest on said land. The defendant appeals.

Two questions are presented by the record which will be noticed in their order.

The testimony tends to show that the plaintiffs have been in possession of said land since about the year 1859; that during the years 1863 and 1865 certain taxes were assessed against said land, and that the land was sold for the same to one D. J. McCann. McCann assigned his tax certificate to one Selden N. Merriam, who in 1875 procured a tax deed. Merriam has died since the commencement of this action, and it was revived in the name of the defendant. It also appears that there was a sufficient amount of personal property belonging to the plaintiffs in Otoe county at the time said taxes became due to have satisfied the same; but the treasurer, instead of collecting the tax out of the personal property as required by the statute as it then existed, sold the land therefor. This he had no authority to do, and the sale and deed were invalid. The principal object of this action is to cancel the deed above described.

The court below failed to allow the taxes assessed against said land during the year 1863, apparently upon the ground of informality in the assessment. The allegations in the petition upon that point are: "That all the proceedings of said treasurer and the defendant Merriam were unlawful and void and irregular in this, that said land was not assessed for taxes in the years 1863 and 1865 as required by law, and no taxes for the years 1863 and 1865 were levied thereon as required by law, and said land was not advertised for sale for the taxes of 1863 and 1865 as required by law." It will be seen that there was no allegation that the land was not subject to taxation, but simply a claim that the taxes were not assessed as required by law. In what respect the assessment failed to comply with the law is not stated. When a party comes into a court of

equity asking relief, as a condition the court will require him to do equity before it will be granted. This principle lies at the foundation of equity jurisprudence. *Linden v. Hepburn*, 3 Sand., 671. This rule is frequently applied where a party brings an action to cancel an usurious mortgage upon land. In every such case where the borrower brings the action the court will require him to pay the sum actually borrowed, with lawful interest, before relief will be granted. *Post v. Bank of Utica*, 7 Hill, 391. *Rogers v. Rathbun*, 1 J. Ch., 367. *Tupper v. Powell*, Id., 439. *Fanning v. Dunham*, 5 Id., 142. *Livingstone v. Harris*, 3 Paige, 533. *S. C.*, 11 Wend., 329. *Vilas v. Jones*, 1 Comst., 278. *Legoux v. Wante*, 3 Har. & John., 184. This rule will be applied in the cancellation of tax deeds, and where the tax was a proper charge against the land, the landowner, as a condition of canceling the tax deed, will be required to pay the tax with lawful interest thereon. The court therefore erred in excluding the tax of 1863.

2. The defendant contends that she is entitled to forty per cent per annum interest on the amount of taxes paid until the time to redeem expired.

In *Pettit v. Black*, 8 Neb., 52, it was held that where the sale of the land was invalid the tax purchaser would be subrogated to the rights of the county. In effect, there was no valid sale. The purchaser therefore simply acquires the lien possessed by the county, which would entitle him to interest at the rate of one per cent per month. *Lynam v. Anderson*, 9 Neb., 367. *Jones v. Duras*, 14 Neb., 40. There having been no valid sale of the land the tax purchaser is subrogated merely to the rights of the county, and is not entitled to the rate of interest claimed.

The decree of the court below will be modified to allow the defendant the taxes of 1863 with one per cent per month interest thereon, and as thus modified the decree is affirmed.

DECREE ACCORDINGLY.

THE other judges concur.