No. 14,646.

MONTGOMERY v. TRUMBO.

126 331
147 156,
126 331
161 390

TAX SALE.—*Action to Quiet Title.*—*Defective Complaint.* — *Tender.*—In an action to quiet title, brought against the purchaser of the real estate at a tax sale, who has received a deed from the auditor pursuant to such sale, and has since paid the taxes on the same, a paragraph of complaint is defective which does not aver a tender of the amount due for purchase-money, interest, and subsequent taxes, before the bringing of the suit, and does not aver that the same was paid into court for the benefit of the defendant.

From the Montgomery Circuit Court.

*C. L. Jewett* and *H. E. Jewett,* for appellant.

*W. K. Marshall* and *A. N. Munden,* for appellee.

OLDS, C. J.—This is an action by the appellee against the appellant to remove a cloud from the title of certain lands of the appellee described in the complaint.

The complaint is in two paragraphs. No question is made as to the sufficiency of the first paragraph.

The only question presented by the record is as to the sufficiency of the second paragraph of the complaint, to which appellant filed a demurrer, and it was overruled, and exceptions reserved, and the ruling assigned as error.

The second paragraph specifically sets forth the grounds upon which the appellee claims relief. It shows that prior to 1885 the appellee was the owner of the real estate ; that, on said day, the lands were sold by the treasurer of Scott county for delinquent taxes, and bought in by the defendant, who afterwards received a deed from the auditor pursuant to such sale, and he has since paid the taxes on the same, and avers facts showing that the sale was irregular and void in so far as conveying title, though counsel for appellee does not contend but that it was sufficient to transfer the lien, and he recognizes the validity of the lien, and avers in his complaint that he " now offers to pay to the defendant, or

Montgomery *v.* Trumbo.

to pay into court for his benefit and use, all the money he paid for said land at said tax sale, and all subsequent taxes he has paid thereon, with all the interest allowed by law upon said payments within such time as the court shall order and require."

Counsel for the appellant question the validity of the complaint, on the ground that " it does not aver a tender of the amount due for purchase-money, interest and subsequent taxes paid before the bringing of the suit, nor does it aver that the same was paid into court for the benefit of the defendant."

It is not shown but that the appellee knew the amount of the lien, and, indeed, he could have easily ascertained the amount of it from the records.

The question here presented has been passed upon by this court in the case of *Morrison* v. *Jacoby*, 114 Ind. 84. The only difference in the two cases being in the relief sought. This case is to remove the cloud from the appellee's title, and the case of *Morrison* v. *Jacoby, supra,* was an action to enjoin the issuing of the deed. The sales were made under like circumstances.

In the case of *Morrison* v. *Jacoby, supra,* the court says : " The amount due the defendants is due unconditionally, is liquidated, and is a claim which equity and law made it the duty of the plaintiffs to pay. In such a case money ought to be paid into court, so that the defendant may take it out if he chooses. It is not equitable that the plaintiffs, by merely offering to pay what they long before should have paid, should be allowed to keep the money from the defendants until a final decree puts an end to the controversy. Surely, the plaintiff asking equity in such a case must do more than make a mere offer to pay only in the event that it is so ordered, or after the lien is judicially declared. It is no hardship upon him to pay the money into court, while his failure to do so might work injury to the defendant," and in this case the court but followed the holding in the case of

*Lancaster* v. *Du Hadway*, 97 Ind. 565, where the question is fully discussed.

The only difference between these cases and the case at bar is that they were brought to enjoin the execution of the deed, while this is brought after the deed issued to remove a cloud from the title. The reason for requiring the tender, and the bringing of the money into court, is that the law has fixed the amount due from the land-owner, and there is no question as to the amount to be determined by the court; it requires but a mere computation to determine the amount due the purchaser, and in such a case before the land-owner can come into court and have the purchaser's evidence of his claim set aside, it is his duty to make a tender of the amount due, and then bring the money into court for the purchaser, where he can accept it.

As is well said in the case of *Morrison* v. *Jacoby, supra,* " The amount due the defendants is due unconditionally, is liquidated, and is a claim which equity and law made it the duty of the plaintiffs to pay. In such a case money ought to be paid into court, so that the defendant may take it out if he chooses."

The objection to the second paragraph of the complaint is well taken, and the court erred in overruling the demurrer to it.

This conclusion is in harmony with the decisions of this court. *City of Logansport* v. *McConnell,* 121 Ind. 416 ; *City of Logansport* v. *Case,* 124 Ind. 254.

Judgment reversed, at costs of appellee, with instructions to sustain the demurrer to the second paragraph of the complaint.

Filed Dec. 16, 1890.