J. B. DICKEY, APPELLANT, v. THOMAS B. PATERSON ET AL., APPELLEES.

FILED SEPTEMBER 19, 1895.   No. 6478.

Validity of Tax Deeds. The provision of section 127 of the revenue law, for the execution of tax deeds under the hand and official seal of the county treasurer, being mandatory, it follows that there is under existing laws no authority for a valid conveyance by said officer of lands sold for delinquent taxes. (*Larson v. Dickey*, 39 Neb., 465.)

APPEAL from the district court of Douglas county. Heard below before IRVINE, J.

*Saunders, Macfarland & Dickey*, for appellant.

*Howard B. Smith*, contra.

POST, J.

This was an action by the appellant in the district court of Douglas county for the purpose of quieting his title to the east half of lot No. 97, and all of lot No. 98, in Gise's addition to the city of Omaha. The basis of the plaintiff's claim to the property described is a treasurer's tax deed executed September 14, 1889, in which it is recited that said property was, on the 1st day of August, 1887, sold for delinquent taxes for previous years. On final hearing before the district court the petition was dismissed and a decree entered in accordance with the prayer of the defendant's cross-bill, quieting his title as against the plaintiff upon the satisfaction of the latter's claim on account of money paid for taxes.

It is sufficient on this appeal to notice one of the many objections to the tax deed above mentioned as a basis of the plaintiff's claim of title, viz., that it is not attested by the official seal of the county treasurer. In *Larson v. Dickey*, 39 Neb., 463, it was held (1) that the provision of section 127 of the revenue law, requiring tax deeds to be executed under the official seal of the county treasurer, is mandatory; (2) that in the absence of a provision for a seal by said officer, he is without authority to consummate the sale of lands for taxes by the execution of valid deeds therefor. That decision, which is not only the reasonable and natural construction of the revenue law, but the logical and necessary result of previous cases, is decisive of this controversy. It follows that the decree of the district court must be

AFFIRMED.

IRVINE, C., not sitting.