`51  465|`
`54  737|`

J. L. BROWNE, APPELLEE, V. J. B. FINLEY, TRUSTEE,
APPELLANT, ET AL.

FILED MAY 5, 1897.   No. 7290.

1. **Quieting Title: TAX DEEDS: PAYMENT OF TAXES.** In an action by a
   purchaser of property at tax sale, who had received a county
   treasurer's deed for the property, to have his title to the property
   quieted, an answering defendant set up title in himself and asked
   the cancellation of record of the tax deed and the removal of the
   cloud created by it from his title. *Held,* That as a condition of
   granting to such defendant the relief prayed he must pay the
   taxes justly chargeable against the property which had been paid
   by the plaintiff.

2. ———: ———: ———: **DESCRIPTION: MISTAKE.** A party by a letter
   to a county treasurer desired him to make and forward a state-
   ment of taxes due against "Lots 5 and 6, of Hillside No. 1, corner
   of Burt and Thirtieth streets." *Held,* That the portion of the
   above description, "Lots 5 and 6, Hillside No. 1," was its more
   specific and governing part; and that the treasurer or his assist-
   ant relied thereon and did not examine to ascertain whether prop-
   erty of such description was at the corner of Burt and Thirtieth
   streets, but made the requested statement according to the de-
   scription as to lots in Hillside No. 1, this furnishing him sufficient
   and complete information on which to proceed, and forwarded the
   statement; and the applicant for the statement paid the taxes
   shown thereon, thereby paying taxes on property which did not
   belong to him, and the taxes which he intended to pay became de-
   linquent and his property was sold for their payment. In an
   action between the purchaser at the tax sale and the owner of the
   property which involved his being required to pay the taxes on
   the property sold, the burden and consequences of the mistaken
   payment must be borne by the owner of the property and could
   not be alleged as a mistake of the county treasurer.

3. ———: ———: ———: ———. *Held,* That the same is true of a simi-
   lar mistake which occurred when the owner of the property was
   present in the treasurer's office, and by his suggestions or direc-
   tions caused a mistake to be made in the description of property
   which he desired to redeem from sale made for delinquent taxes
   whereby he failed to redeem his own but paid for and received a
   certificate of redemption for other property.

4. **Tax Sales: IMPROVEMENTS BY PURCHASER.** The value of an improve-
   ment made by a purchaser at tax sale *held* not properly presented
   in this action to constitute it a subject of recovery.

34

APPEAL from the district court of Douglas county. Heard below before FERGUSON, J. *Modified.*

*John T. Cathers,* for appellant.

*W. A. Saunders* and *Saunders, McFarland & Dickey,* contra.

HARRISON, J.

In this, an action instituted in the district court of Douglas county, the plaintiff sought to have quieted the title to lots 5 and 6, in block 1, of Hillside Addition No. 2 of the city of Omaha, which he had acquired by tax deed issued to him by the county treasurer of Douglas county. It was alleged that plaintiff had purchased the property at private sale, made for the delinquent taxes for the year 1889, and after the usual proceedings in such cases, the property not having been redeemed, a deed was issued by the county treasurer by which it was conveyed to the plaintiff. It was also pleaded that the defendant had or claimed some interest in or to the property. The defendant (hereinafter designated the appellant) answered denying many of the allegations of appellee's petition, and stated affirmatively several reasons why the deed by the treasurer to appellee was void and of no effect; also that prior to the time of appellee's alleged purchase the title to the premises in controversy had been conveyed to appellant by warranty deed executed and delivered by certain named parties, and the ownership and title had at all times since such conveyance continued in the appellant. In regard to the taxes for the year 1889, and some other years, there were in the answer the following allegations: "In answer to the paragraph numbered 7, this defendant says that he was not aware or had no knowledge or information that the said J. L. Browne had a tax certificate for said lots, and says if the treasurer of Douglas county sold said lots, he did so con-

trary to law.   This defendant paid all taxes against said
lots demanded of him by the city and county treasurer
for the year 1889, and received receipts for the same; that
he made out a list on the 17th day of October, 1890, of all
property owned and controlled by him, in which list was
included lots 5 and 6, block 1, in Hillside Addition No. 2,
which he gave to the county treasurer and requested him
to give him the amount of taxes against said property,
which county treasurer did, and this defendant paid him
the amount in full and he received receipts for said
taxes; that this defendant afterwards learned that said
lots had been sold for taxes, and on the 27th day of July,
1892, went to the office of the county treasurer to redeem
said property, and paid to the county treasurer the money
to redeem said lots and received from the county treas-
urer a redemption receipt by mistake for lot 1, block 1,
Hillside Addition No. 2, which mistake this defendant
did not notice at the time.   The defendant says that he
never owned said lot 1 or had any interest or claim to the
same."   The answer closed with a prayer that the tax
deed be canceled, all claims of the appellee to the prop-
erty be declared without force, the cloud on the title be
removed, and the action of appellee be dismissed.

It appears that at the commencement and during the
trial, it was asked for the appellee that an amendment
to the petition be allowed by which would be made to
appear in detail the several sums of taxes which he
claimed to have paid on the property at and subsequent
to the time of purchase at the sale by the treasurer.   This
was not done, but the court received evidence of these
amounts, and also of an amount expended by appellee
in building a fence on the premises, evidently on the
theory that if appellant succeeded and obtained the af-
firmative relief asked for in his answer, the appellee might
recover the amounts he had paid and expended for taxes
and improvements on the property.   A decree was ren-
dered which, although nothing is stated in it on the sub-
ject, or to such effect, plainly proceeded on the theory that

the title of appellant asserted by virtue of the tax deed failed, or did not exist, that the deed was void, and awarded the appellee the aggregate of the sums he had paid in taxes on the property, together with the amount which the fence had cost, and established the total amount as a lien on the property paramount to the rights of appellant thereto. The tax deed to appellee was void. (See *Dickey v. Paterson*, 45 Neb., 848; *Larson v. Dickey*, 39 Neb., 463.) This being settled, should the appellee be allowed to recover the amounts of taxes paid by him? It will be remembered that the appellant asked the affirmative relief of the cancellation of the tax deed and the removal of the cloud from his title to the property; and it has been announced by this court that in order that such relief may be afforded, the party seeking it will be required to pay the taxes justly chargeable against the property, paid by the other party whose claims and rights are to be affected by the decree. (*Dillon v. Merriam*, 22 Neb., 151; *Wygant v. Dahl*, 26 Neb., 562; *Adams v. Osgood*, 42 Neb., 451.) In relation to some of these taxes it is urged that the appellant had paid them, and by mistake of the officer or officers charged with their collections, and who received them, the payments were applied in settlement of the taxes on other property; and further, that the appellant should not and cannot be made to bear and suffer the results of the inattention of the officers; that the payments must be held to have extinguished (when sufficient in amounts) the taxes for the adjustment of which they were made to the officers, and the appellee must be relegated to his action against the county, whose agents the officers were. In this connection we think it proper to quote from the evidence of the appellant, which was as follows:

"On or about the 18th of October, 1889, Thomas K. Sudborough and his wife made, executed, and delivered a deed in fee-simple for two certain lots of land, to-wit, lots 5 and 6, in Hillside No. 2, block 1, of the city of Omaha, Nebraska, to said John B. Finley, trustee, his

heirs, assigns, and legal representatives, and that said deed was subsequently recorded in the proper office for the recording of deeds of Douglas county, Nebraska; all previous taxes and assessments thereon were represented to have been paid, and that at said time I was not aware that there were any taxes or assessments due and unpaid on said lots for either the year 1889 or any other year. * * * Also, on the 17th of October, 1890, I addressed a letter to the county treasurer of Douglas county, Nebraska, desiring to obtain from him a statement of all the taxes and assessments against the property described in said letter, a copy of which is hereto annexed, marked 'A;' that in compliance with said letter the said county treasurer prepared and delivered to me a statement of the aggregate amount of all taxes due and unpaid against the property described in said letter, which amount was paid to him on the same day by my check on the First National Bank of Omaha, Nebraska; that it was my intention to pay all taxes and assessments due against said property, and I fully believed that I had paid all that the treasurer required; that subsequently, on the 27th of June, 1892, while on a visit to Omaha, I discovered that said lots had been sold for the unpaid taxes of 1889, and desiring to have the same redeemed, I called at the office of the county treasurer of Douglas county for that purpose. By mistake a certificate of redemption was made out for a different property from that which was owned by myself, said lot being on Burt street and in the name of J. L. Browne, which led me to the belief, and also the clerk in the treasurer's office, that this property on Burt street was the same that belonged to me, and had been sold to J. L. Browne for unpaid taxes. Accordingly it was redeemed by me, but has been since found not to be the same property that was owned by me and which I had redeemed. A copy of said certificate of redemption, marked 'B,' is hereto annexed. I also present papers marked Exhibits 'C,' 'D,' 'E,' 'F,' and 'G,' being copies of receipts for taxes and assessments paid by me on said

lots to John Rush, city treasurer of Omaha, dated October 14, 15, 1889, and October 28, 1890."

The letter, to a copy of which reference is made in the foregoing as annexed to the evidence, and marked 'A' (the evidence was in form of deposition), contained what it is claimed was intended for a description of the property in controversy, as follows: "Lots 5 and 6 of Hillside No. 1, corner of Burt and Thirtieth streets." To be correct this should have been Hillside No. 2, and not No. 1. Pursuant to the directions of the letter, the county treasurer prepared and delivered to the appellant a statement of the amounts of taxes due against the property therein described, including lots 5 and 6 of Hillside No. 1. It appears that the lots just named were not at the "corner of Burt and Thirtieth streets," and it is urged that if the treasurer or his assistant, the party who made the statement, had looked at a plat or map of the city of Omaha and its additions, it would have been discovered that the lots at the corner of Burt and Thirtieth streets were 5 and 6, Hillside No. 2, and the statement would have been, as to the taxes against the property, the amount of which the appellant desired to know and to pay, and the subsequent payment would have been properly applied; that it was the duty of the officer to make such examination, and he was careless in not doing so, and the appellant blameless. With the foregoing view we do not agree. The description of the property as it appears in the letter was the work of the appellant, and the portion of it which assigned the situation of the property as "Hillside No. 1" was the more specific and particular than that of the "corner of Burt and Thirtieth streets." The officer must necessarily choose one or the other, and we must conclude that he was not careless, nor was it wholly his mistake that he did not ascertain the correct property. The description furnished by the appellant was well calculated to mislead the officer; hence the appellant cannot be held blameless and must suffer the consequences of his own error. When the appellant, on the 27th of June, 1892,

while he was in Omaha, discovered that this property had been sold for taxes, he went to the office of the county treasurer, and, as he states (see his evidence hereinbefore quoted), by mistake, he redeemed another property, a lot which he did not own and which had been sold for taxes; that he was misled by certain facts in respect to the street on which it was situated, and that it had been sold to J. L. Browne, and that he believed it to be his property; that the clerk in the treasurer's office was also misled, and the mistake in the application of the payment and issuance of the redemption certificate for the property other than was appellant's intention ensued. The fair and most natural inference or conclusion to be drawn from this testimony is that the appellant directed the application of the money he paid to the redemption of the lot which was then redeemed, and which did not belong to him, or that he was actively participating in what was done, and by his directions or suggestions in respect to the description of the property he desired to redeem, caused the mistake to be made, or was so far instrumental therein that he must be charged with the consequences and bear the blame and results, rather than the county as represented by its treasurer. This being true, he cannot now successfully assert a right to have the payment shifted and applied to the redemption of the lots in suit as against the rights of the appellee, the purchaser at the tax sale.

In relation to the amount which was adjudged due the appellee for improvement,—the fence which he had caused to be built on the lots,—it must be said that it was not pleaded nor demanded, neither was it claimed under the provisions of chapter 63 of the Compiled Statutes, "the Occupying Claimants' Act." It had no legitimate standing in the suit, and should not have been allowed and must now be rejected. The true amount for which appellee should have been allowed in the decree was $130.82, to which sum the amount adjudged his due will now be changed, and as thus modified the decree will be affirmed.

The appellant will also be awarded a decree here canceling of record the tax deed which was issued to appellee.

JUDGMENT ACCORDINGLY.