THE COUNTY OF GUTHRIE v. THE COUNTY OF CARROLL *et al.*

1. Taxation: OF SWAMP LANDS SITUATED IN ANOTHER COUNTY. Lands granted by the United States to the State, and by the State to a county as indemnity for swamp lands granted to the State under the acts of congress relating thereto, were not taxable prior to the act of 1870, chapter 187, though lying in a county different from that owning the lands in question, and to which the grant thereof was made.

2. —— But such lands were liable to taxation for the year 1870 under said chapter 187.

*Appeal from Carroll District Court.*

THURSDAY, MARCH 28.

ACTION in equity to enjoin the sale for taxes of certain lands belonging to the plaintiff and situated in Carroll county, and to set aside previous sales thereof for taxes. The county of Carroll, its treasurer, and the purchasers at the previous sale, are made parties defendants. The court sustained a demurrer to the petition, filed by the defendants, on the ground that it did not state facts sufficient to constitute a cause of action, and stated facts which avoid the cause of action. The further facts are set forth in the opinion.

*S. D. Nichols* for the appellant.

No appearance for the appellee.

COLE, J. — The plaintiff, in the petition, states that since the 29th day of September, 1865, the said county of Guthrie has been and still is the owner of the following described lands, situated in Carroll county, Iowa, to wit: The northwest quarter and the south-east quarter of section thirty-three, and the north-east quarter of section thirty-five, in township eighty-three, north of range thirty-six, west of the fifth principal meridian, containing four hundred and eighty acres. That said lands were granted by the United States to the State of Iowa, as indemnity for swamp and overflowed lands in the said Guthrie county, entered of the United States by the location of military bounty-land warrants, under and by virtue of certain acts of congress, to wit: "An act to enable the State of Arkansas and other States to reclaim the swamp lands within their limits," approved September 28, 1850. " An act for the relief of purchasers and locators of swamp and overflowed lands," approved

March 2, 1855. "An act to confirm to the several States the swamp and overflowed lands selected under the act of September 28, 1850, and an act of March 2, 1853," approved March 3, 1855. That through the legislature of Iowa by "An act to dispose of the swamp and overflowed lands within the State, and to pay the expenses of selecting and surveying the same," approved February 2, 1853, and other acts amendatory and supplemental thereto, the aforesaid lands were granted by the State of Iowa to the plaintiffs, the county of Guthrie ; and in accordance therewith, Hon. W. M. Stone, governor of Iowa, in behalf of said State, conveyed the same to plaintiff by deed, of date September 29, 1865. That under the terms and conditions of the grant by the United States to the State of Iowa, and by the State to the county, the said lands and the proceeds of the sale thereof can only be lawfully devoted to the draining of the swamp and overflowed lands in said Guthrie county, to the building of roads and bridges in said county and to other purposes named in said supplementary acts, expressly for the public use and benefit.

It is also expressly averred that the plaintiff has, at no time, held said lands for pecuniary profit, but has, at all times, held them for the use and benefit of the public; that plaintiff has, at all times, been ready and anxious to sell said lands, whenever, by such sale, the public interests could be subserved, and the purposes of the grant accomplished; that by reason of the lands being remote from timber and settlements, they could not, hitherto, have been sold to advantage. That the defendant has levied taxes upon said lands for the years 1865 to 1870 inclusive, and has sold the same for taxes to the defendants named. Other averments more in detail are also made. The defendants demurred because the petition did not state facts constituting a cause of action, and because it states facts which avoid the cause of action. This demurrer was sustained, and thereon arises the only question for our decision.

By our statute, certain classes of property are not to be taxed and are to be omitted from the assessments. Among these is, "the property of a county, township, incorporated town or school district, when devoted entirely to the public use, and not held for pecuniary profit." Rev., § 711. It appears by the averments of the petition, as well as by the acts of congress and the acts of the legislature of Iowa referred to, that the county of Guthrie holds the lands in controversy for certain specified public uses and purposes. An argument that the county continues now to hold said lands in order to derive a pecuniary profit by their rapid enhancement of value, cannot be allowed to overcome the averments of the petition or the requirements of the several statutes under which the plaintiff holds the lands.

Our conclusion that the lands were not taxable prior to 1870 is fortified by a legislative construction implied in a a statute, approved April 16, 1870, enacting "that any and all lands in any county in this State, which are owned or held by any other county or counties claiming title under locations with swamp-land indemnity, scrip or otherwise, shall be taxed the same as other real estate within the limits of the county." If such lands were taxable before this act was passed, then there was no necessity for the act. The enactment of the statute amounts to a legislative declaration that such lands were not taxable before. This declaration accords with our view of the law. The proposition, under the averments of the petition and the requirements of the statutes through which the county derives its title, we deem too clear to demand further elucidation from us.

But, in order to avoid any further controversy in regard to the questions involved in this case, we deem it proper to add, that, in our view, under the statute last above quoted, the said lands are liable to taxation for the year 1870. They were owned by the county on the first day of January of that year, and the statute took effect before the

time assessors are required to return their books. Rev., §
736. The fact that real estate is only assessed in alternate
years (section 720) cannot operate to exempt the land from
liability to taxation under the statute quoted.

Reversed.