## KERWER v. ALLEN.

1. Tax sale: COMBINATION BETWEEN BUYERS: EVIDENCE. Where a combination is entered into between the purchasers at a tax sale, to the effect that they will not bid against each other, or that they will bid in turn, the sale is void.

2.——Evidence that such course was pursued at the sale is admissible, in the first instance, although it is not shown that the defendant, who was a purchaser thereat, was a party to such combination.

*Appeal from Black Hawk District Court.*

MONDAY, JUNE 19.

ACTION in equity for the setting aside of a tax title to the S. E. ¼ of S. E. ¼ of section 23, township 89, range 11, in Black Hawk county.

Answer in denial. Trial by the court by the second method of trying equitable issues. Decree for plaintiff: defendant appeals. The necessary facts appear in the opinion.

*Boies, Allen & Couch* for the appellant.

*O. Miller* and *George Ordway* for the appellee.

DAY, Ch. J. — I. The plaintiff introduced as a witness, James W. McClure, who was deputy treasurer of the county of Black Hawk, at the time of the sale of lands for taxes in 1863, when the lands in controversy were sold.

After this witness had testified that he did not know of his personal knowledge of any combination among the bidders, and, after objection by defendant to evidence of the conduct of other parties, not shown to have been acting in concert with him, the plaintiff proved by this witness that the bidders at such sale formed themselves into a ring, and took their turns in bidding; that, if the party whose turn it was refused to bid, the piece offered was passed to the next, and so on; that controversies arose among the bidders as to whose turn it was to bid, but the language used the witness could not state; that, on opening the sale after an adjournment, they would ask whose turn it was to bid, and the person designated would first bid; that no bid was for less than the whole tract taxed. That the land in question was sold to defendant; witness thinks that William P. Case bid it off for defendant; is

not sure whether Allen was there in person or not; that Case bid off land for himself at said sale, and witness thinks for defendant also; thinks he gave Allen his turn in bidding; thinks Case took part in the controversies; thinks the land in question was worth $6 or $7 an acre at time of sale. Witness testified on cross-examination that he had no knowledge from any thing he heard Case or defendant say, that either of them was a party to any agreement in relation to the manner of bidding at that sale; that if any agreement was made by any parties, he had no personal knowledge of the terms of that agreement; that he could not state what it was that Case said in the controversy that arose at the sale, nor that defendant was present at the controversies, or any of them; that he could not swear positively whether Case or defendant bid off this land; that the treasurer's books show that it was bid off by defendant, but, whether in person or by agent, they do not show. On his re-direct examination he stated that he could not say that he knew Case bid off any land for defendant at that sale. And in cross-examination he said he thought Allen was present in person at one sale, but whether it was this or not he could not state; that he never heard any controversy between defendant and any bidder at any sale.

Before the hearing of the cause defendant filed a motion to strike out the evidence of the witness, McClure, as to the conduct of other parties at the sale. The motion was overruled. Defendant assigns the ruling of the court as error. We do not so regard it. Defendant relies upon the case of *Eldridge* v. *Kuehl*, 27 Iowa, 160. The cases are not similar. In *Eldridge* v. *Kuehl* the plaintiff offered to prove that the purchaser, by his conduct, prevented competition with him by the bidders present, in reference to many pieces of land bid for by him. It was held immaterial because there was no offer to connect the conduct of the defendant with the tract of land in controversy.

Kerwer v. Allen.

The transactions proven in this case occurred during the sale at which the land in dispute was offered, and affected it equally with the other tracts sold at the same time.

The court did not err in overruling the motion to strike out the testimony of McClure.

II. It is claimed that, admitting the evidence of McClure, it is insufficient to justify the setting aside of the tax sale and deed. We think otherwise. The utmost good faith should attend sales of this kind, through which, for a merely nominal sum, an inchoate title to valuable land is created, which, if not removed by redemption within three years, becomes absolute. The necessary severity of the law should not be increased by resort to any artifice to deprive the delinquent tax payer of the benefit of those provisions enacted for his protection. The law contemplates that lands upon which taxes are delinquent shall be sold to him who will pay the taxes due thereon for the least portion thereof. The owner is entitled to the benefits arising from a competition among bidders.

It appears that at this sale the bidders formed themselves into a ring and took turns in bidding, and that, on opening the sale after an adjournment, they would ask whose turn it was to bid, and the person designated would bid first. An adherence to this arrangement would effectually prevent all competition, and as a consequence it appears from the testimony that *no bid* was for less than the *whole tract taxed.*

The defendant was there either in person or by agent, and while it is not affirmatively shown that he entered into any agreement sanctioning such a procedure, yet he could not have taken part in the sale without being aware of the manner in which it was conducted, and becoming a party thereto by taking his appropriate turn in bidding. And, if not there in person, the act of his agent with regard to the purchase, is his own act, and he is bound thereby.

He, therefore, at the sale became a party to the unlawful

manner in which it was conducted, and now holds his title vitiated by the manner in which it was acquired.

The court properly held his title, for this reason, invalid.

The remaining objection, that eighty acres were sold in a lump, not being assessed to the true owner, need not be considered.

Affirmed.