## SULLY v. POORBAUGH.

1. **Taxation:** SWAMP LANDS. Lands granted by the United States to the counties as swamp lands are not subject to taxation so long as they are held and owned by the counties.

2. ———: ———: TIME OF CONVEYANCE. Nor are they taxable for any year in which they may be conveyed by a county, if the assessment for that year be completed before the conveyance is made.

3. **Tax Sale:** WHEN DEED IS SET ASIDE: RIGHTS OF OWNER. When a tax deed is set aside on the ground that the lands were the property of the county at the time they were sold for taxes, the owner is not required to reimburse the purchaser for the amount he paid, and pay him in addition the interest and penalty.

*Appeal from Jasper District Court.*

THURSDAY, MARCH 22.

THIS is a suit in equity brought by plaintiff to settle and quiet his title to one hundred and twenty acres of land. He alleges that he was the owner thereof by virtue of certain tax deeds; that the lands were sold for the taxes of 1864, and his deeds were made therefor in 1868; that the taxes were duly levied and unpaid, and all the proceedings prior to his deeds were had in accordance with law. He also avers that the defendant claims to have some interest therein. \

The defendant, for answer, denies that the plaintiff is the owner of the lands; denies that the proceedings were in accordance with law, and avers that said lands were not subject to taxation for 1864; that there was a fraudulent combination among the bidders at the tax sale, and also sets up other defenses, and offers to pay the amount of taxes, penalty and interest, that may be due to the plaintiff. He asks that the tax deeds of plaintiff may be set aside and the defendant's title quieted.

There was a trial upon written evidence, and the court found that there was a fraudulent combination among the bidders at the tax sale, whereby the sale of the land in con-

troversy was void and adjudged the title to the defendant. Plaintiff appeals.

*R. A. Sankey*, for appellant.

*M. E. Cutts*, for appellee.

ROTHROCK, J.—I. We have each carefully examined the evidence and are united in the opinion that it is not sufficient to establish that there was any fraudulent combination among the bidders at the sale; at least, it is not sufficient to warrant us in holding the sale void under the rule settled by this court. See *Eldridge v. Kuehl*, 27 Iowa, 160, and *Kerver v. Allen*, 31 Iowa, 578. The evidence upon this branch of the case is somewhat voluminous, and is conflicting, and a review of it here would serve no useful purpose.

II. Upon the trial the defendant introduced in evidence the certificate of the Register of the State Land Office, showing that the land in controversy was conveyed to the State of Iowa by the United States, in Swamp Land Patent No. 2, dated January 10, 1860, as appears from the original patent from the United States to the State of Iowa, on file in his office. There was no objection made to this evidence in the court below, nor any motion made to exclude it; but it was offered and received as competent and we must so regard it. If proper objection had been made, and the certificate had been excluded, the defendant might then have been able to introduce the original patent or a copy thereof, or a copy of the original entries. The defendant also introduced a deed from the county of Jasper to himself for eighty acres of the land in controversy. This deed was executed and acknowledged on the 13th day of May, 1864.

It appears then, from the evidence, that the whole of the land was patented by the United States to the State of Iowa, January 10, 1860, and that eighty acres thereof was conveyed by Jasper county to the defendant on the 13th day of May, 1864. By section 925 of the Revision of 1860 the swamp lands in the several counties were granted to the counties in which they were situated. In the absence of any objection

to the evidence in the court below, we think the title to the eighty acres conveyed by the county to the defendant was sufficiently shown.

The land in controversy, being swamp land, was not liable to taxation so long as it was held and owned by the county. 1. TAXATION: *County of Guthrie v. Carroll County*, 34 Iowa, swamp lands. 108. Was this land liable to taxation for the year 1864? We think not.

By section 736 of the Revision of 1860 one of the duplicate assessment books was required to be completed and delivered 2. ——: ——: to the township clerk on or before the second time of conveyance. Monday in April in each year; and the other book was required to be delivered to the clerk of the board of supervisors on or before the third Monday in May. The assessment for each year was, therefore, required to be closed on or before the second Monday in April. The conveyance from the county to the defendant was after the close of the assessment, and should have been passed for that year as not subject to taxation. *Des Moines Navigation and Railroad Company v. The County of Polk*, 10 Iowa, 1; *Tallman v. The Treasurer of Butler County*, 12 Id., 531. It is true that no assessment of real estate was required to be made for the year 1864, but we believe it to be a correct rule in all cases that property which is exempt from taxation until after the expiration of the period provided by law for assessment should be passed for that year, and included in the assessment for the next year.

III. The defendant introduced no evidence showing title to the other forty acres in controversy, being the N. E. ¼ of the S. E. ¼ of Sec. 36, Tp. 80, range 21. As it was sold for taxes for the year 1864, and a deed executed therefor regular in form, it was incumbent on the defendant to show not only title in himself, but that the deed was in some way invalid. Having failed to do this there should have been a decree quieting plaintiff's title to this part of the land.

IV. It is urged by counsel for appellant that the court below erred in not requiring defendant to pay the taxes, interest and penalty, which he would be required to pay in

case the land had not been sold for taxes. The case of *Everett* **3. TAX SALE:** *v. Beebe*, 37 Iowa, 452, and other cases, following when deed is set aside: the rule there announced, have no application to rights of owner. the case at bar. In those cases the land was liable to taxation. In this case the land purchased by defendant from the county was exempt for the year for which it was sold for taxes, and the state and county had no claim upon it for taxes to which plaintiff could be subrogated. It appears, from the evidence, that the defendant has paid all taxes upon the land since 1864.

The decree of the District Court will be affirmed as to the eighty acres conveyed by the county to the defendant, and reversed as to the N. E. ¼ of the S. E. ¼ of Sec. 36, Tp. 80, range 21.

MODIFIED AND AFFIRMED.