# WHEELING.

CHAPMAN v. PITTSBURG AND STEUBENVILLE R. R. Co., *et al.*

*(Suits Nos. 1 and 2.)*

Submitted September 8, 1884.—Decided April 22, 1885.

1. When there has been in a foreign attachment suit in equity an ascertainment of the amount of the indebtedness due fro n the defendant to the plaintiff, and the debtor appeals from the decree so ascertaining the amount, which is affirmed, and the court below is proceeding to execute the decree by selling the attached property, it is too late for a claimant of the property to dispute the debt. (p. 326.)

2. Where under sec. 24 of ch. 106 of the Code a claimant of the property files a petition, unless the petition and the accompaning exhibits show a legal or equitable claim to the property, the court does not err in refusing to empannel a jury to enquire into the claim. (p. 327.)

For a statement of these causes see the preceding cause and 18 W. Va. 184.

*D. Lamb* and *W. P. Hubbard* for appellants.

*Ewing, Melvin & Riley* for appellee.

JOHNSON, PRESIDENT:

After the affirmance of the decree of February 22, 1877, rendered in those two causes and in the preceding cause consolidated therewith and the order of sale of the attached property in those two causes these causes were remanded for further proceedings, and the Pittsburg, Cincinnati and St. Louis Railway Co., filed its petition setting up the same matters contained in its answers in the preceding cause (No. 3,) claiming title to the attached property and praying for a stay until the further order of the court of the proceedings under the said decree of February 22, 1877, so far as said decree directs the sale of the property therein mentioned, and an injunction forbidding the said George Marcus Chapman his attorneys and agents and especially the said J. E. Curtis, late sheriff, to make such sale or to cause the same to be made, and that by the order of the court in the above entitled suits the petitioners be made a party to each of said suits with leave to answer and defend the same, and that such other order be made as petitioner's case may require, &c. The same facts appear as in the other record.

The petition was filed at the December term 1881, without prejudice to the right of the plaintiff to object or except thereto. On the 22d day of March, 1883, the final decree was entered in the causes. The causes were heard on motion of the plaintiff and against the objections of the defendant upon the decree of February 22, 1877, and upon the petition of the Pittsburg, Cincinnati and St. Louis Railway Company, setting up certain facts and applying to be made a party, to each of the causes with leave to answer and defend the same, and the said Railway Company, having given security for costs according to law, and the plaintiff having objected and excepted to said petitions, and the matters arising upon said petitions, and said exceptions were argued and submitted, and the Court being of opinion that the matters and

things in said petition set forth ought not to and do not operate against or affect the said decree of February 22, 1877, and that the said application of said Pittsburg, Cincinnati, and St. Louis Railway Company ought not to be granted, the same was overruled; and the court in the decree reciting that the sheriff, who was in office when said decree of 1877 was rendered, was no longer in office, ordered that the sheriff of the county proceed to execute said decree, &c.

After the opinion of the court had been announced, and after the draft of the decree had been placed in the hands of the court, the said defendant objected to the entry of the same and insisted, that whatever decree was entered should be entered in the three causes, which were consolidated on December 16, 1869. The court overruled the objection. At the same time, the latter motion was made, the said defendant moved to quash the attachment in the said two causes, which motion was overruled. The said defendant then filed its petition and bond for the removal of the said three causes to the circuit court of the United States for the District of West Virginia. The court held the petition and bond sufficient but overruled the motion and refused to enter an order for the removal of the cause.

From this decree the said defendant appealed.

There are a number of assignments of error in these cases, which were made and decided in the preceding case. Those which are peculiar to these causes we will consider.

The first error assigned is, that there ought not to be any sale of the attached effects, because the Pittsburg and Steubenville Railroad Company was not indebted to the plaintiff. That matter had been hotly contested between the debtor and creditor and was adjudicated by the decree of February 22, 1877, and had been affirmed by the court. It is now too late to raise that question.

It is strenuously insisted, that the court erred in rejecting the petition of the said defendant, that security for costs having been given, it was the duty of the court to have empanneled a jury to enquire into the claim of the petitioner. The provision of the statute, under which the defendant claimed the right to a jury, is found in sec. 24, ch. 106 Code of West Virginia as follows:

"Any person interested may file his petition, at any time before the property attached as the estate of the defendent is sold, under the decree or judgment, or if the proceeds of the sale have not been paid over to the plaintiff, or his assigns within one year after such sale, disputing the validity of the plaintiff's attachment thereon, or stating a claim thereto, or an interest in, or lien on the same, under any other attachment or otherwise, and its nature, and upon giving security for costs, the court without any other pleading shall impannel a jury to enquire into such claim, and if it be found, that the petitioner has title to, or lien on, or any other interest in, such property or its proceeds, the court shall make such order as is necessary to protect his rights."

It certainly can not be contented, that a proper construction of this section will permit mere naked legal questions to be submitted to a jury. This section can not be so construed. If the petition shows a *prima facie* right in the petitioner to the property in the petition, a title better than that of the defendant, then the court should impannel a jury to enquire into the claim; but if the petition with the accompanying exhibits shows clearly, that at the time the attachment was levied, the petitioner had no claim to the property and no interest in it, then it would be folly to impanel a jury to enquire into a claim which the petition itself showed, did not exist. The case cited, *Andrews* v. *Johnson*, 32 Grat. 558, is in harmony with this view. There the petition showed, if true, the petitioner had purchased the property, before it was attached.

The court in this case did not err in refusing to require a jury to be impanneled and in holding that nothing in said petition contained, could affect the decree of February 22, 1877. The reasons for this holding are set out at length in the preceding opinion, as the answer there was substantially the same as the petition here.

The motion to quash the attachments were properly overruled. The attachments are free from some of the faults in the attachment in the preceding case (No. 3) and the order of sale therein was affirmed by the court, and this defendant has no right to disturb that decree, and if he had the right, we see no reason for disturbing it.

The court properly refused to enter an order for the removal of the cases to the circuit court of the United States. The application was made too late. It was not made until more than eighteen months after the petition was filed, and then not until the cause had been heard. Besides, it would be a singular spectacle to remove to the Federal court a cause, after it had been taken to the court of last resort in the State, and the final decree therein affirmed. (*Cable* v. *Ellis*, 110 U. S. 389; *Lynch* v. *Andrews*, 25 W. Va. 751.) The other assignments of error have been considered in the preceding cause.

The decree of the circuit court of Brooke county rendered in these two cases on March 22, 1883, is affirmed.

Affirmed.