## CHARLESTON.

LOHR *v.* GEORGE *et al.*

Submitted June 13, 1908.    Decided March 2, 1909.

1. TAXATION—*Sales—Combination Among Bidders.*

Combination among bidders at a tax sale for the purpose of eliminating or restraining competition in the bidding, may be shown by parol evidence, and, if established, will invalidate the purchase of, and deed for, any tract of land, purchased by any of the confederates in pursuance thereof and to which the improper conduct extended. (p. 244.)

2.  SAME.

    A *prima facie* case of such combination and restraint of competition, made out by facts and circumstances, giving rise to a strong inference thereof, is aided by the failure of the purchasers to deny the inculpating facts, and calls for relief.   (p. 246.)

3.  SAME—*Subsequent Grantee.*

    A deed so acquired will not be set aside as to a grantee of the purchaser, if he establishes the fact that he is a *bona fide* purchaser for a valuable consideration, but the burden is upon him to show that he is a good faith purchaser for a valuable consideration.   (p. 247.)

4.  SAME—*Sales—Combination Among Bidders—Burden of Proof.*

    Such subsequent purchaser must deny notice of the misconduct of his grantor, whether it be alleged or not, and the burden of proof thereof is on the party seeking relief against him, but he must both plead and prove the payment of consideration.   (p. 248.)

5.  SAME—*Setting Aside Deed—Repayment of Taxes.*

    Equity will not set aside a tax deed without providing for repayment of the taxes, interest and costs paid by the purchaser, except in those cases in which the taxation itself is illegal, or the taxes have been paid, and the bill should tender payment thereof or aver willingness on the part of the plaintiff to pay the same, but, if such offer to do equity be omitted, the defect may be cured by a tender or offer of the money in court before, or on, the entry of the decree.   (p. 249.)

6.  SAME—*Writ of Possession.*

    On setting aside a tax deed, the court may award the plaintiff a writ for the possession of the land, if the purchaser is in possession thereof at the time of the rendition of the decree.   (p. 249.)

7.  SAME—*Setting Aside Deed—Injunction.*

    In such case, an injunction should not be awarded to restrain the defendant from acts of dominion over the land, since the plaintiff, on being restored to his possession, will be able to invoke proper remedies for his protection and there is no presumption that further acts of molestation will be done by the defendant.   (p. 250.)

Appeal from Circuit Court, Barbour County.

Action by Isaac J. Lohr against William T. George and others to set aside a tax deed.   Decree for defendants, and complainant appeals.

*Reversed and Remanded.*

FRED O. BLUE, for appellant.

J. HOP WOODS, for appellees.

POFFENBARGER, JUDGE:

Isaac J. Lohr and wife owned a 16 acre tract of land in Barbour county, which was charged with taxes, in the name of Isaac J. Lohr for the years 1898 and 1899, as a tract of 11 acres and 30 poles, and, for the years 1900, 1901, 1902 and 1903, as a tract of 16 acres. It was returned as delinquent for non-payment of the taxes for the year 1899, in the name of D. J. Lohr and sold for such delinquency in December, 1901, in the name of B. J. Lohr, William T. George being the purchaser. A surveyor's report, subsequently made, describes it as land conveyed to Isaac J. Lohr and Mary V. Lohr, and as having become delinquent in the name of D. J. Lohr. The clerk of the county court later executed a deed, based on this report, by which he conveyed the land to S. L. Reger, trustee, assignee of George, and in which he recited that it had been charged with taxes for the year 1899 as a tract of 11 acres and 30 poles in the name I. J. Lohr. Reger and his *cestuis que trustent* conveyed it to Chas. W. Rosier, reserving to themselves the coal under it, and Rosier conveyed it to S. L. Wolfe. Lohr had previously conveyed the coal to J. M. Guffey. This suit was brought by Lohr to set aside the tax deed on the ground of irregularities in the tax sale proceedings, and for fraud on the part of George and his associates in effecting the purchase, and the court dismissed the bill.

Want of necessary parties is relied upon as justifying the decree, it appearing from the bill that Mary V. Lohr had died intestate in the year 1898, supposedly leaving heirs, who are not made parties. On her death, the plaintiff became seized of an estate by the curtesy in her interest, and so entitled to a freehold in severalty estate in the entire tract. Independently of this, he had a right of redemption as a former owner and his right to set aside this deed, if it is void, is co-extensive with his right of redemption.

The defect in the proceedings is a mere irregularity in the return of delinquency and sale, clearly cured, after deed made, by the provisions of section 25, chapter 31 of the Code. There was a proper and valid assessment, and this statute declares that no mere mistake, irregularity or defect in the return, delinquent list, or affidavit shall constitute ground for setting

aside a deed. *Hogan, Adm'r,* v. *Piggott,* 60 W. Va. 541; *Hornage* v. *Imboden,* 57 W. Va. 206. The distinction between curable and incurable infirmaties in tax deeds must be regarded. If there is no delinquent list, no valid sale or deed can be made. *Mosser* v. *Moore,* 56 W. Va. 478; *Metz* v. *Starcher,* 60 W. Va. 657. Some errors in assessments are not cured. *Collins* v. *Reger,* 62 W. Va. 196; *Toothman* v. *Courtney,* 62 W. Va. 167. Here there was a sufficient assessment, a return of delinquency, sale and return of sales. The defects are simple mistakes in the list, sale and return of sales. These are expressly cured.

The charge of fraud in the sale is predicated on the testimony of the sheriff who made it. The hypothesis, the plaintiff attempted to establish by this testimony, was that certain persons, including George, the purchaser of this tract, made a pretense of bidding against each other for the purpose of preventing bids in good faith by others, and, having reduced the quantity of land to be taken for the taxes by competitive bidding, they refused to accept it, withdrew all the bids but the first for the whole tract, and so obtained undue advantages. The witness admitted that in some instances the bidders refused to take the land in accordance with their bids and claimed that he, the sheriff, could then declare it sold to preceding bidders, but said that they had finally taken all the tracts as they had bid them off. He then named some of the persons who had made such contentions. He thought the parties had bidden against each other. Refusals to comply with the bids occurred after the sale, sometime in the evening after the crowd attending the sale had dispersed and gone away, and after the sale had been completed, but he protested throughout the examination the contracts were closed as they had been made. These parties had bought nine tracts at less than the quantity charged. Of the 71 tracts sold, they bought 47. He thought they had bid against each other, and, before the sale was closed, withdrew their bids so as to permit bidders for larger quantities to take the land, and said it was a very common occurrence among the parties named. On cross-examination, he said he had no recollection that more than one bid was made on the tract of land in question. He made out receipts to the purchasers as it was sold. When speaking of withdrawals of bids, he meant they had occurred prior to the declaration of the sale. Each party got what he

bought. He had not reported any sale to any person of more land than he had actually purchased. Only one bid was made on the tract of land involved here, but the answer admits that all the defendants except Rosier and Wolfe "had a joint interest" in "some purchases made by the defendant George, among others the land in controversy." It will be remembered that George had the sheriff convey to S. L. Reger, trustee, George, S. A. Moore, Samuel R. Woods and R. E. Talbott joined Reger in the deed to Rosier, and so disclosed their interest. These are the parties as to whom the sheriff said it was a "very common occurrence for them" to bid against each other and then withdraw bids before sale, and permit one of their number to take a greater quantity than that specified in the final bid or lowest bid made. It further appears that they bought 47 of the 71 tracts sold.

*Duerr* v. *Snodgrass,* 58 W. Va. 472, seems to assert that a tax sale may be set aside for fraud, perpetrated by the officer who made it, or the bidders. That such frauds afford ground for setting them aside is undoubted. Cooley on Taxation (3rd Ed.), pp. 941, 945, inclusive; Black on Tax Titles (2d Ed.), secs. 246, 247; Blackwell on Tax Titles (5th Ed.), sec. 557. The text in these works is fully sustained by numerous well-considered decisions, including *Slater* v. *Maxwell,* 6 Wall. 268; *Dudley* v. *Little,* 2 Ohio 509; *Eldridge* v. *Kuehl,* 27 Ia. 161; *McCready* v. *Sexton,* 29 Ia. 356; *Kerwer* v. *Allen,* 31 Ia. 578; *Springer* v. *Bartle,* 46 Ia. 688; *Beeson* v. *Johns,* 59 Ia. 166; *Frank & Darrow* v. *Arnold,* 73 Ia. 370; *Gallaher* v. *Head,* 108 Ia. 588; *Merrett* v. *Poulter,* 96 Mo. 237; *Stephens* v. *Williams,* 70 Ind. 536; *Brown* v. *Hogle,* 30 Ill. 119. In some of the cases cited, the sales were invalidated because the purchasers prevented competition in bidding by representing that the owners would redeem the land. In others, it appeared that all the bidders had, by agreement, arranged to bid by turn and not against each other. In some others, the officers had virtually made private sales by allowing the purchasers to go through the lists and select, in advance of the sales, the lands they wanted. We think it may be clearly deduced from all the decisions that the fraud, in order to give relief, must have extended to the land as to which relief is asked. In other words, it does not suffice that somebody perpetrated a fraud at the sale in respect to land other than that

conveyed by the deed the plaintiff seeks to impeach. This was expressly decided in *Eldridge* v. *Kuehl,* cited, the court holding as follows: "Evidence that the purchaser at the tax sale, by his conduct, prevented competition with him by the bidders present in reference to many pieces of land bid for by him, is not admissible to impeach the validity of the sale where it is not shown that such conduct extended to, or was in some way connected with, the tract in controversy." In *Frank & Darrow* v. *Arnold* there was a combination among the bidders which, owing to a disagreement, was interrupted for a time. The evidence showed, however, that the purchase made by Arnold occurred before the bidding by turn ceased. This, the court was particular to note, from which fact it may be inferred the sale would have been upheld if it had been made after the collusive bidding stopped. It has been held that a partnership for the purchase of delinquent lands is contrary to the policy of the law, *Dudley* v. *Little,* 2 Ohio 509, but a number of well considered cases are to the contrary. *Dawson* v. *Ward,* 71 Tex. 72; *Morrison* v. *Bank,* 81 Ind. 335; *Pearson* v. *Robinson,* 44 Ia. 413. See Black, Tax Titles, sec. 246, and Blackwell, Tax Titles, sec. 559. As circumstances, other than mere association in the purchases, are involved here, which, in our opinion, taken together with the fact of association, fully establish the charge that competition was stifled or restrained by the conduct of the purchasers and the combination extended to, and included, the land as to which the bill seeks relief, we are not called upon to say what effect proof of partnership alone among them in the purchases they made would have.

The sheriff says he thinks they resorted to by-bidding. He made the sale. This amounts to saying they did, according to his recollection. They admit that some purchases were made for all in the name of one. This tract was so purchased. Hence, the combination extended to it. This makes a *prima facie* case to which they have not responded. In our opinion, the facts disclosed amply justify the inference of a combination in restraint of competition and there is no evidence whatever tending in the opposite direction. The verdict of a jury predicated upon it could not be disturbed by this Court. The charge cannot be presumed and must be proved, but the inference is strengthened by the silence of the defendants. None of them testified.

Any of them could have taken the witness stand and denied the charge and contradicted the inculpating testimony, if it were false. They are not justified by any rule of law or principle of equity in remaining silent with the expectation that the law affords some means of establishing in their favor what they themselves were under a duty to make out by their own testimony. *Stout* v. *Sands,* 56 W. Va. 663; *Webb* v. *Bailey,* 41 W. Va. 463; *Union Trust Co.* v. *McClellan,* 40 W. Va. 405.; *Bindley* v. *Martin,* 28 W. Va. 775. Clear proof is required, but the requisite of clearness as well as the degree is fixed by the rules of evidence. These say a *prima facie* case must prevail unless overcome by opposing evidence and that failure to meet it by one having evidence at his command gives rise to a strengthening or supporting presumption or inference.

As to the allegations of fraud, we have carefully examined the bill and concluded that they are sufficient. The combination and mode of bidding is charged substantially as above set forth. The bill further alleges that Rosier and Wolfe colluded and conspired with the other defendants and that they paid no consideration for the successive conveyances made to them. There is no specific or direct averment of notice to them of the circumstances under which, and the method by which, the other defendants acquired the deed, but, as stated, their complicity in the conspiracy is positively and directly charged. The joint and separate answer of all the defendants, denies the fraud, collusion and conspiracy and also that the consideration expressed in the deeds to Rosier and Wolfe are fictitious, but there is no averment in the answer that any consideration was paid by either Rosier or Wolfe. Aside from the admissions of the answer, it is negative in character all the way through.

From what has been said, it is plain that the deed must be set aside as to all of the defendants except Rosier and Wolfe. Whether their title must fall also depends upon whether their status is the same as that of ordinary purchasers from fraudulent grantees. We think it is. The defect in this conveyance from the sheriff to Reger is not a defect of record. Defects apparent upon the record of tax sales are generally treated as rendering the deeds, not merely voidable, but void. However this may be, the ground of relief here is not such a defect. It is one established by parol evidence, and does not pertain

to the record. It makes out not a legal defect, but a ground of equitable relief. It is a mere equity which may be waived, and therefore makes the deed not void, but voidable. There is authority for the position that a purchaser for value without notice is protected against such a defect. *Van Shaach* v. *Robins,* 37 Ia. 203; *Martin* v. *Ragsdale,* 49 Ia. 589. Such being the principle by which the rights of Rosier and Wolfe are to be determined, the next inquiry is whether they have made out a case of *bona fide* purchasers. This is an affirmative defense, except as to the matter of notice, which they must deny, whether averred in the bill or not. *Dowman* v. *Rust,* 6 Rand. 587; *Tompkins* v. *Mitchell,* 2 Rand. 430; *Bowlby* v. *Dewitt,* 47 W. Va. 323, 327. Notice having been denied, the burden of proof as to it is on the plaintiff or the party who alleges the fraud. 2 Min. Ins. 887; *Carter* v. *Allen,* 21 Grat. 241; *Vest* v. *Michie,* 31 Grat. 149; *Farley* v. *Bateman,* 40 W. Va. 540. This last case says the fact of notice may be inferred from circumstances, as well as proved by direct evidence, and that facts and circumstances may raise the presumption of notice, so as to shift the burden of proof, but it asserts that the burden in the first instance is upon the party seeking relief. As the answer denies collusion, conspiracy and fraud, alleged against all of the defendants, we are of the opinion that it sufficiently denies notice. But it is deficient in that it does not aver payment of any consideration. Essential elements of this defense are the payment of a valuable consideration and a fair price for the property and these must be averred in the answer or plea. *Bowlby* v. *Dewitt,* 47 W. Va. 323; *Speidel Grocery Co.* v. *Stark,* 62 W. Va. 512; *Poling* v. *Flannagan,* 41 W. Va. 191; *Curtin* v. *Isaacsen,* 36 W. Va. 391; *Bindley* v. *Martin,* 28 W. Va. 773; *Colston* v. *Miller,* 55 W. Va. 490; *Doswell* v. *Buchanan,* 3 Leigh 365, 381; *Mutual Assur. Soc.* v. *Stone,* 3 Leigh 218; *Hoover* v. *Donally,* 3 H. & M. 316. Rosier testified that he had paid the amount specified in his deed as the consideration for the conveyance, but this avails him nothing in view of his failure to plead such payment. As to him and Wolfe both, the basis for such evidence should have been lain in the answer.

From the conclusion above stated, it results that the court below should have set aside these deeds unless there is something in the objection that the bill fails to tender, or allege a tender

of, the taxes and cost paid by the purchasers. There is no such allegation in the bill, but it appears from a memorandum, appended to the final decree dismissing it, that the plaintiff, after the announcement of the decree, offered to pay to the defendants in open court the amount to which they were entitled. At the time of this offer, the court still had control of the case. The bill is complete in everything except the offer to do equity. It sufficiently alleges the fraud, but fails to bring the plaintiff within a condition imposed by the rules of equity procedure. This condition applies, not before suit brought, but merely before the relief is granted. A tender in court, on or before the entry of the decree, places the plaintiff within the rule. The offer to do equity may be incorporated in the bill, and generally is, and its omission is a ground of demurrer; but, since a tender of the taxes, interest and costs is not a condition precedent to the right of action, we perceive no reason why the tender or offer to pay in open court, though not alleged in the bill, does not cure the defect. The imposition of this duty upon the plaintiff, concerns his conduct in court as a supplicant for relief, rather than his cause of action against the defendant. We think, therefore, his submission, in any form, to the rule, requiring him to do equity, suffices, and, from this conclusion, it follows that the court below should have ascertained the amount due the defendants, and, on payment thereof, set aside the deeds complained of. It has been suggested in some of our decisions that a decree might be entered setting aside a void tax deed conditionally, that is, on the payment of the purchase money. While this may be proper, it seems to us the court should make a finality of the cause by requiring the money to be paid to the defendant or into court, or by setting aside the deeds and decreeing a lien on the land in favor of the defendant for the taxes, interest and costs.

After the execution of the deed to Wolfe, he took possession of the land and the other defendants aided him in maintaining it. The bill prays an injunction, inhibiting and restraining them from the exercise of dominion over it, but no preliminary injunction was awarded. As the court has jurisdiction and the pretensions of the defendants rest solely on the tax deed, it may, on setting aside the deed, give full and complete relief in the premises, by awarding the plaintiff a writ for the possession of

the land.    We do not think an injunction is necessary.    On the adjudication of the invalidity of the tax deed, nothing will remain as the basis of a claim of title, on the part of the defend- ants, and it is not to be presumed that they will continue their efforts to hold the land.    If they should, the plaintiff will be in possession and able to invoke such remedies for his protection as are afforded other owners of real estate who are in possession thereof.

For the reasons stated, the decree complained of will be re- versed and the cause remanded with directions to ascertain the amount due the defendants, and, on payment thereof, by the plaintiff, to cancel and set aside the three deeds complained of in the bill and award the plaintiff a writ for the possession of the land.

*Reversed and Remanded.*